**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:17-cr-00094-RCJ-WGC |
| Plaintiffs, | |
| vs. | ORDER |
| MICHAEL CODMAN, | |
| Defendant. | |

Defendant Codman moves for early termination of his supervised release term based upon his reentering of society, his compliance with release conditions, and his desire to be a real estate agent for which he would have to pass a criminal background check. The Court is unpersuaded by these arguments and denies the motion.

**FACTUAL BACKGROUND**

Defendant pleaded guilty to Possession and Receipt of Interstate and Foreign Shipments in violation of 18 U.S.C. § 659. This conviction was the result of Defendant conspiring with his co-Defendant. His co-Defendant used his position as a UPS delivery driver to steal shipping boxes containing electronic devices belonging to Apple, Inc. These devices were worth more than one million dollars. Defendant purchased the stolen devices for $50,000 and then resold them for a profit of approximately $150,000.

The court sentenced Defendant to fourteen months' imprisonment, three years' supervised release, and ordered restitution in the amount of $150,000. Defendant served his term of imprisonment from July 2018 to July 2019, when he began his term of supervised release. While incarcerated, Defendant bettered himself by taking advantage of several classes and earning a GED. Upon his release, he reentered society acquiring full-time employment as an appliance repairman and becoming a competitive bodybuilder. The Covid-19 pandemic, however, has caused him to become laid off. He therefore began real estate classes, which he was close to finishing at the time of briefing this motion in late 2020. At the time of filing the motion, Defendant has only paid $1985 towards the restitution in this case.

## LEGAL STANDARD

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). This statute reads, in pertinent part:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . , if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

The factors include, but are not limited to: "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" the applicable sentencing guidelines; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" "the need to provide restitution to any victims of the offense," and "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a

wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819.

## ANALYSIS

Defendant argues that the Court should terminate his term of supervised release because of the following: He has complied with all conditions of release. He did not have any disciplinary infractions while incarcerated. He lacks any other criminal history. On release, he secured full-time employment until he was laid off because of the Covid-19 pandemic. Supervised release is presenting an undue hardship on him by preventing him from pursuing his chosen profession to be a real estate agent.[1] He has successfully rejoined society such as by contending in bodybuilding competitions. Defendant also argues that, while he has not fully repaid his restitution, courts have still allowed for termination of supervised release. *See, e.g.*, *United States v. Cunningham*, No. 05CR2137-LAB, 2014 WL 3002207, at *2 (S.D. Cal. July 1, 2014).

The Government challenges the motion based upon Defendant's failure to repay the outstanding $150,000 in restitution to Apple, Inc. *See United States v. Oak*, 398 F. App'x 274, 275 (9th Cir. 2010) (affirming a district court's denial of early termination of supervised release motion based upon "the finding that [the defendant] still owes more than $200,000 in restitution"). The Government also points to the fact that compliance with conditions of release and imprisonment as well reentering society are expected and do not necessarily demonstrate "exceptionally good behavior." *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000); *see, e.g.*, *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) ("McKay has resumed his pre-incarceration

---

[1] Without citation to any authority, Defendant states that "his instructors have counseled him that it will be extremely difficult to become licensed in Nevada if he is on criminal supervision," (ECF No. 46 at 3), and his "instructor has told him he has an excellent chance of obtaining a license, even with the felony, if he is off supervision," (ECF No. 51 at 3). Presumably, he is referring to the requirement in NRS 645.355, which mandates all real estate salespersons pass a criminal background check. Defendant speculates that the termination of the supervised release would make it more likely that he would be able to pass the background check.

life; apparently, has resumed his organizational endeavors; and has been restored to his family life. All of these activities are commendable but are expected of a person on supervised release and do not constitute the 'exceptional behavior' contemplated in the precedents.").

The Court is more so persuaded by the Government and denies the motion. While Defendant may have successfully reentered society and complied with the conditions of his release, these accomplishments are expected and do not necessarily demonstrate that termination of supervised release is warranted. *See Miller*, 205 F.3d at 1101. Furthermore, the Court is unpersuaded that supervised release presents an undue hardship such that termination of release would be within the interest of justice. *See Emmett*, 749 F.3d at 820 (noting that an undue hardship may be a consideration under "interest of justice"). Defendant has not presented any evidence to show that he would be able to pass the criminal background check to become a real estate agent in Nevada except for hearsay statements in his brief that his instructor believes that to be the case. For these reasons, the Court denies Defendant's motion.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion for Early Termination of Supervised Release (ECF No. 46) is DENIED.

IT IS SO ORDERED.

Dated February 25, 2021.

_____
ROBERT C. JONES
United States District Judge